IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DANELLE DUNCAN,

    Plaintiff,                                                         ORDER

    v.                                                              16-cv-530-wmc

ASSET RECOVERY SPECIALISTS, INC.,
GREG STRANDLIE and WELLS FARGO BANK, N.A.,

    Defendants.
_____

    The court is in receipt of plaintiff Danelle Duncan's motion for entry of default against defendants Asset Recovery Specialists, Inc., and Greg Standlie (dkt. #9), as well as defendants' motion for extension of time to file an answer (dkt. #13). Having reviewed defendants' brief and supporting materials and plaintiff's opposition to defendant's motion (dkt. #19), the court agrees that the circumstances surrounding defendants' failure to answer the complaint timely constitutes excusable neglect pursuant to Federal Rule of Civil Procedure 6(b)(1)(B).

    In particular, the evidence shows that defendant Strandlie appears to have acted within one day of service to notify his company's and his insurer of the complaint, and but for an erroneous screening of his email into a "junk" file, his insurer would have timely retained defense counsel and arranged an answer. Moreover, since discovering the error, both Standlie and his insurer have acted diligently to seek relief and answer. While plaintiff presses that Standlie should have done more, the court disagrees, especially given that the delay in answering is so slight it results in no prejudice to the plaintiff. *See Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 646 F.3d 401, 405 (7th Cir. 2011) ("The

stronger the excuse and the graver the adverse consequences of rejecting it relative to the adverse consequences to the opposing party if the excuse is allowed, the more the balance leans toward granting."). Under any fair reading of federal case law, if perhaps not Wisconsin law, this is excusable neglect. Accordingly, the court finds Rule 6(b)(1)(B) satisfied.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for entry of default (dkt. #9) is DENIED.

2. Defendants' motion for extension of time to answer (dkt. #13) is GRANTED.

3. Defendants Asset Recovery Specialists, Inc., and Greg Standlie's answer and affirmative defenses, attached as Exhibit A to the Affidavit of William W. Ehrke (dkt. #18-1) is ACCEPTED and deemed served as of today.

4. Defendant's motion for leave to file reply (dkt. #21) is DENIED as moot.

Entered this 4th day of November, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge